## Case No. 8,373.

### LINKER v. SMITH.

[4 Wash. C. C. 224.] [1]

Circuit Court, D. Pennsylvania. April Term, 1818.

MARRIAGE SETTLEMENT—WITHOUT KNOWLEDGE OF HUSBAND—SECRET.

A secret settlement by a woman on the eve of her marriage, and in contemplation of that event, is fraudulent and void against the husband.

This is a bill to set aside a secret settlement made by the plaintiff's late wife, a few days previous to her marriage. The conveyance was to Mary Graham, the sister of the plaintiff's wife, in trust for the grantor during her life, and, if she died leaving no children, &c. then in trust for Jane, the daughter of the trustee. The wife died a few months after the marriage without issue, and the plaintiff qualified as her administrator. The particular prayer of the bill is, that the defendant, Newberry Smith, may be decreed to transfer to the plaintiff certain shares in the Bank of the United States, standing in his name, but purchased with the money of the plaintiff's late wife, and held by him in trust for her, which bank shares constituted a part of the property conveyed by the aforesaid deed of settlement. Mary Graham having died since the institution of this suit, and her daughter Jane being an infant of about ten years of age, the only answer put in is by N. Smith, who, since the death of Mary Graham, qualified as her executor, in which he states his belief that the plaintiff's wife was indebted to his testatrix, and annexes an account of the same, stated and sworn to by Mary Graham in her life time, amounting to $1129, for work and services rendered, and for the use of her furniture. The answer alleges, but no proof is given of the fact; that the plaintiff has given insufficient security for his administration of his wife's estate; and that the debt so due to his testatrix will be lost, unless the fund in the plaintiff's hands should be made liable. The answer submits the rights of Jane Graham, the other defendant, to the protection of the court. The only witness who gave any evidence of a debt due from the plaintiff's wife to Mary Graham, stated in her deposition, that the plaintiff's wife and Mary Graham kept an inn for some time in partnership, and that the latter applied for a settlement of the partnership concern, which the former refused. That in consequence of the refusal, and because there had been no written articles of co-partnership between the parties, Mary Graham, after the commencement of this suit, made out her account against the plaintiff's wife for work and services, which

the said Mary had performed in the house, and for the use of the plaintiff's wife.

WASHINGTON, Circuit Justice. That the secret settlement made by the plaintiff's wife, shortly before her marriage, and in contemplation of that event, and without the knowledge of her intended husband, was a fraud upon his marital rights, admits not of a doubt; and has been candidly acknowledged by the counsel for the defendant. But he contends, that the fund in his hands, which forms the subject of this suit, ought not to be taken from him, until the plaintiff has done equity on his part, by paying to the defendant the debt alleged to be due to the estate of his testatrix; to ascertain which, it is insisted that an account ought to be directed. Without giving an opinion upon this question, if a proper foundation for directing an account were presented to the court; it is a sufficient answer to the argument, that there is not the slightest evidence that the debt referred to in the answer was due by the plaintiff's wife to Mrs. Graham. The answer does not contain such an allegation, and the witness relied upon to establish the claim does, in effect, disprove it. That witness indeed speaks of another, and a very different claim asserted by Mrs. Graham, which she arbitrarily converted into the one which is annexed to the answer. There is no proof that there was any balance upon the partnership concern alluded to by the witness, due to Mrs. Graham; and if it were proved, still it is not the claim asserted in the answer, and consequently it could not be made the foundation of a decree for an account. There is, in short, no evidence to establish any claim against the plaintiff's late wife, or which affords sufficient ground to warrant this court in entangling the parties in the settlement of a partnership account between two deceased partners; when there are probably no materials for making such a settlement, and to withhold from the plaintiff an acknowledged right to the bank shares in the name of the defendant, until that account should be taken. If the defendant, as executor of Mary Graham, has a claim of any kind against the plaintiff, the remedy is plain; and so far as appears to the court, it is safe, as the plaintiff has given security, and there is no evidence of its insufficiency. Decree that defendant transfer, &c.